UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOYCE FERRARA AND
JERRY FERRARA
15797 County Highway 23
Unadilla, NY  13849

                    Plaintiffs,

vs.

TRANSFORM HOLDCO, LLC d/b/a KMART
3333 Beverly Road
Hoffman Estates, IL  60179
and
TRANSFORM KMLLC d/b/a KMART
3800 North Central Avenue
Phoenix, AZ  85012

                    Defendants.

**COMPLAINT AND JURY DEMAND**

Civil Action No.  6:20-CV-0236 (MAD/ML)

Plaintiffs, Joyce and Jerry Ferrara, by their attorneys, Cozen O'Connor, complaining of the Defendants, allege as follows:

## NATURE OF ACTION

1. This case involves a claim of negligent maintenance of a store owned motor powered scooter made available by Defendants for use by customers with disabilities resulting in serious injuries to the Plaintiff Joyce Ferrara on November 16, 2019.

## THE PARTIES

2. The Plaintiffs are citizens of the State of New York residing, at all times material hereto, at 15797 County Highway 23, Unadilla, New York 13849.

3. At all times material hereto, Defendant Transform Holdco, LLC d/b/a Kmart was and is a limited liability company organized under the laws of the State of Delaware with its

principal place of business being located at 3333 Beverly Road, Hoffman Estates, Illinois 60179. To the best of Plaintiffs' knowledge, no member of Transform Holdco, LLC is a citizen of the State of New York.

4. At all times material hereto, the Defendant Transform KMLLC d/b/a Kmart was and is, upon information and belief, a domestic limited liability company organized under the laws of the State of Delaware with its principal place of business located at 3800 North Central Avenue, Phoenix Arizona 85012. Upon information and belief, no member of Transform KMLLC is a citizen of the State of New York.

5. Defendants Transform Holdco, LLC and/or Transform KMLLC, at all times material hereto, owned and operated a Kmart store identified as Store 07676 located at 171 Delaware Avenue, Sidney, New York 13838.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332 since the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs.

7. This Court has personal jurisdiction in this case since, at all times material hereto, Defendants did business within the State of New York.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since the accident giving rise to the Plaintiffs' claims occurred within the area comprising the United States District Court for the Northern District of New York.

## FACTUAL ALLEGATIONS

9. On November 16, 2019, Plaintiff Joyce Ferrara went to the Kmart store owned and operated by one or both Defendants which was located at 171 Delaware Avenue, Sidney, New York to shop.

10. While Plaintiff Joyce Ferrara was lawfully in the Defendants' premises for purposes of purchasing goods that were being offered for sale by one or both Defendants, she attempted to use a motorized scooter since she was recovering from a stroke that she had suffered a year earlier and had difficulty ambulating in a large store such as the Kmart in question.

11. As Plaintiff was attempting to mount the motor powered scooter, the handle on the right side of the scooter collapsed, and Plaintiff fell to the floor.

12. As a result of Plaintiff Joyce Ferrara's impact with the floor, she broke her left hip and suffered other severe injuries.

13. As a result of the foregoing, Plaintiff Joyce Ferrara was transported by ambulance to Wilson Hospital in Johnson City, New York where she underwent surgery to repair her fractured hip.

14. The foregoing accident of November 16, 2019 that resulted in Joyce Ferrara's fractured hip and other injuries and illnesses was caused by the negligence and carelessness of the Defendants acting by and through the employees of the Sidney, New York Kmart.

15. The negligence and carelessness of the employees of the Sidney, New York Kmart included but are not limited to the following:

   (a) failing to maintain the foregoing motor powered scooter so that it would be safe for use by customers such as Joyce Ferrara;

   (b) failing to inspect the foregoing motor powered scooter on a regular basis to insure that it was safe for use for customers such as Joyce Ferrara;

(c) failing to insure that the handle of the foregoing motor powered scooter was appropriately tight so that it would not collapse when a customer was mounting the foregoing motor scooter;

(d) failing to insure that the foregoing motor powered scooter was properly maintained so that it would be safe for use by the consuming public including Joyce Ferrara;

(e) failing to provide motor powered scooters for customers with disabilities that were safe for use in the Defendants' store;

(f) failing to warn customers such as Joyce Ferrara that the motor powered scooters at the Sidney, New York Kmart were unsafe to use;

(g) failing to inspect the foregoing motor powered scooter on a regular basis to insure that it was safe for use; and

(h) in such other and further ways as discovery reveals.

16. Defendants are vicariously liable for any and all actions of employees of Kmart store number 07676 including their negligence and carelessness in the maintenance of the subject motor scooter by reason of their principal and agent relationship with those Defendants.

## COUNT I

17. Plaintiffs repeat and incorporate by reference the allegations set forth in paragraphs 1-16 above.

18. As a result of the foregoing accident, Joyce Ferrara fractured her left hip and required surgery at Wilson Hospital in Johnson City, New York.

19. While Joyce Ferrara was hospitalized at Wilson Hospital in Johnson City, she acquired a Vancomycin Resistant Enterococcus (VRE) infection that required long-term treatment.

20. As a result of the acquisition of the foregoing infection, Joyce Ferrara was transferred to Binghamton General Hospital where she was treated for her foregoing Vancomycin Resistant Enterococcus (VRE) infection.

21. Joyce Ferrara was hospitalized at Binghamton General Hospital from the date of her discharge from Wilson Hospital until February 7, 2020.

22. The foregoing accident interfered with Joyce Ferrara's rehabilitation from her stroke injuries and set her back in her recovery from her stroke.

23. As a result of the foregoing accident and the fractured hip suffered by Joyce Ferrara, she experienced excruciating conscious pain and emotional suffering.

24. As a result of the foregoing accident and Joyce Ferrara's fractured hip, she suffered a loss of enjoyment of life.

25. As a result of the foregoing accident and fractured hip, Joyce Ferrara's recovery from her stroke injuries was delayed and the injuries caused by the stroke were greatly aggravated by the injuries sustained on November 16, 2019 at Defendants' store.

26. The injuries caused by the foregoing accident and fractured hip will likely have a permanent impact upon Joyce Ferrara's ability to ambulate and perform household services.

## COUNT II
### Plaintiff Jerry Ferrara v. Transform Holdco, LLC and Transform KMLLC

27. Plaintiff Jerry Ferrara repeats and incorporates the allegations set forth in paragraphs 1-26 above as if each were fully and completely set forth herein.

28. At all times material hereto, Plaintiff Jerry Ferrara was married to Plaintiff Joyce Ferrara.

29. As a result of the foregoing accident and his wife's fractured hip, Plaintiff Jerry Ferrara has been deprived of the comfort, assistance and enjoyment of his wife Joyce.

WHEREFORE, Plaintiffs and Joyce and Jerry Ferrara demand against the Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000) together with such other and

further relief that the Court may deem just and proper, including taxable costs and prejudgment interest.

**COZEN O'CONNOR**

Dated: March 2, 2020

/s/ *Christopher C. Fallon, Jr.*
Christopher C. Fallon, Jr., Esquire
45 Broadway
New York, NY 10006
(800) 523-2900

*Attorneys for Plaintiff*