UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOYCE FERRARA and JERRY FERRARA,

                       **Plaintiffs,**

    vs.                                                6:20-CV-0236
                                                             (MAD/ML)

**TRANSFORM KM LLC,**

                        **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

**COZEN O'CONNOR LAW FIRM**        **CHRISTOPHER C. FALLON, JR., ESQ.**
200 Four Falls Corporate Center
West Conshohocken, Pennsylvania 19428
Attorneys for Plaintiff

**BARCLAY DAMON LLP**                **ALAN R. PETERMAN, ESQ.**
125 East Jefferson Street
Syracuse, New York 13202
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      On March 2, 2020, Plaintiffs, Joyce Ferrara and Jerry Ferrara, commenced this diversity action against Defendant, Transform KM LLC d/b/a Kmart ("Kmart"). Dkt. No. 1. Plaintiffs' complaint alleges negligence and loss of consortium. *Id.* at 1, 4-5. Currently before the Court is Defendant's motion for summary judgment, which Plaintiff has opposed. *See* Dkt. Nos. 16, 17. Also before the Court is Plaintiffs' cross-motion for sanctions for spoliation, which Defendant has opposed. *See* Dkt. Nos. 17, 20.

## II. BACKGROUND[1]

On November 6, 2019, Ms. Ferrara was injured while visiting a Kmart store operated by Defendant in Sidney, New York. *See* Dkt. No. 16-1 at ¶ 2. On this day, Ms. Ferrara attempted to use a motorized scooter due to her difficulty ambulating.[2] *See id.* at ¶ 4. While attempting to get on the scooter, Ms. Ferrara fell and broke her hip. *See id.* at ¶ 6. Plaintiffs contend that Ms. Ferrara fell because the arm of the scooter collapsed. *See* Dkt. No. 17 at 21, ¶ 6. Defendant denies that the arm of the scooter collapsed. *See* Dkt. No. 16-11 at 5 n.2. Store manager, Diane Pepper, testified that at some point after the accident she observed the scooter and it was intact. *See id.* at ¶ 10. Lee Young, a first responder to the accident, testified that Ms. Ferrara told him immediately after the accident that the arm collapsed, and he observed store employees working on the cart after the accident. *See* Dkt. No. 17 at 18. On the day of the accident, Defendant prepared an accident report and reported the incident to their insurance provider. *See id.* at 8. Within two weeks of the incident, Plaintiffs' daughter informed Defendant that Plaintiffs intended to hold Defendant responsible for Ms. Ferrara's injuries resulting from the accident. *See id.*

As of November 6, 2019, Defendant had established a custom and procedure for inspecting the motorized scooters each morning. *See* Dkt. No. 16-1 at ¶ 8. This inspection involved sight maintenance checks, cleaning the scooters, and ensuring that the scooters were in working order. *See id.* To ensure the scooters were in working order, store employees confirmed the scooter could "go forward, backward, and turn around." Dkt. No. 17 at 21, ¶ 8. Other than a man cutting his hand on an attached basket, store employees were not aware of any other incidents involving motorized scooters. *See* Dkt. No. 16-1 at ¶¶ 9, 11-17. Before this incident,

---

[1] Unless otherwise noted, the parties do not dispute the "Background" facts.
[2] Prior to the incident at issue, Ms. Ferrara suffered a stroke resulting in the inability to use her left arm and the need for a brace on her left leg. *See* Dkt. No. 16-1 at ¶ 3.

Ms. Ferrara never had any problems using the motorized scooter at the Sidney Kmart. *See id.* at ¶ 5.

On December 12, 2020, Defendant filed the present motion for summary judgment. *See* Dkt. No. 16-11. In its motion, Defendant argues that (1) there is no evidence that Defendant created the hazardous condition and (2) it did not have actual or constructive notice of the hazardous condition, and as such cannot be liable for negligence under a theory of premises liability. *See id.* at 6. On January 9, 2021, Plaintiffs submitted a cross-motion for spoliation sanctions alleging that Defendant failed to preserve the motorized scooter at issue. *See* Dkt. No. 17 at 8-9. For the following reasons, Defendant's motion for summary judgment is granted and Plaintiff's cross-motion for spoliation sanctions is denied as moot.

### III. DISCUSSION

**A.    Legal Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citations omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of New York*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

**B.     Negligence[3]**

In New York, a *prima facie* case of negligence requires a plaintiff to demonstrate that (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damages as a proximate result of that breach. *See Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (1985) (citation omitted). The owner of a store open to the public has a duty to maintain its premises in a reasonably safe condition. *See Hackbarth v. McDonalds Corp.*, 31 A.D.3d 498, 498 (2d Dep't 2006) ("The owner [or operator] of a store must take reasonable care that [its] customers shall not be exposed to danger of injury through conditions in the store ... which [it] invites the public to use"); *Stemberga v. Term Security Corp.*, 292 A.D.2d 372, 373 (2d Dep't 2002) ("Landowners who hold their property open to the public have a general duty to maintain it in a reasonably safe condition so as to prevent the occurrence of foreseeable injuries").

Where the defendant has a duty to maintain its premises in a reasonably safe condition, in order to establish a *prima facie* case of negligence, the plaintiff is required to "demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or

---

[3] Because the injury which forms the basis of Plaintiffs' negligence claim occurred in New York, New York law applies.

constructive notice of the condition."[4] *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D.2d 280, 281 (2d Dep't 1994) (citations omitted); *see also Robinson v. Lupo*, 261 A.D.2d 525, 525 (2d Dep't 1999) (citations omitted). "Constructive notice requires a showing that the condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit defendants to discover it and take corrective action." *Boyko v. Limowski*, 223 A.D.2d 962, 964 (3d Dep't 1996) (citing *George v. Ponderosa Steak House*, 221 A.D.2d 710, 711 (3d Dep't 1995); *Byrd v. Church of Christ Uniting*, 192 A.D.2d 967, 969 (3d Dep't 1993)). Constructive notice may be imputed where a defect is latent and discoverable upon reasonable inspection. *See Curiale v. Sharrotts Woods, Inc.*, 9 A.D.3d 473, 475 (2d Dep't 2004) (citing *Lee v. Bethel First Pentecostal Church of Am.*, 304 A.D.2d 798, 799 (2d Dep't 2003); *Rapino v. City of New York*, 299 A.D.2d 470, 471 (2d Dep't 2002); *Ferris v. County of Suffolk*, 174 A.D.2d 70, 76 (2d Dep't 1992)).

As the moving party seeking summary judgment, the defendant bears the burden of making a *prima facie* showing that it neither created the dangerous condition nor had actual or constructive notice of it as a matter of law. *See Curtis v. Dayton Beach Park*, 23 A.D.3d 511, 512 (2d Dep't 2005) (citations omitted). Once the defendant makes out such a showing, "[i]t [is] then

---

[4] Plaintiffs argue that Defendant has potential liability under a "simple or ordinary negligence standard," and that Plaintiffs need not prove actual or constructive notice. *See* Dkt. No. 17 at 10 n.1. Plaintiffs mischaracterize the law offered in support of this assertion because notice in the case cited was not necessary where the defendant stipulated to the deletion of the jury instruction on premises liability and consented that the jury be given a standard negligence charge. *See Daneluzzi v. Marriott Intern., Inc.*, No. 00-CV-4819, 2001 WL823658, *6 n.3 (S.D.N.Y. July 20, 2001). In its post-trial motion for judgment as a matter of law, the defendant argued that the plaintiff failed to establish that it had actual or constructive knowledge of the unsafe condition. *See id.* at *6. As such, because neither side had objected to the jury instruction given at trial regarding and the deletion of the instruction on premises liability, the court held that the law of the case doctrine required it to base its decision on the law as provided to the jury. *See id.* In this case, Defendant has maintained throughout that the appropriate standard is based on premises liability, which is the appropriate negligence standard to apply.

incumbent upon plaintiffs to make an affirmative evidentiary showing that a genuine issue of fact exist[s]." *Maiorano v. Price Chopper Operating Co., Inc.*, 221 A.D.2d 698, 699 (3d Dep't 1995) (citation omitted). A showing by the plaintiff that is "based upon surmise, conjecture, speculation or assertions ... without probative value" is insufficient to defeat summary judgment. *See id.* (citation omitted).

In this case, Defendant seeks summary judgment on the ground that Plaintiffs failed to establish a *prima facie* case because Defendant lacked notice of any alleged defect in the motorized scooter. *See* Dkt. No. 16-11 at 4. As the operator of a store, Defendant owed a duty to maintain its premises in a reasonably safe condition. Because neither party alleges that Defendant created the condition that allegedly caused the accident, the focus of this analysis is whether Defendant had actual or constructive notice that the arm of the motorized scooter was defective. Defendant asserts that it did not have notice of any defect in the motorized scooter because the scooters were inspected every morning for sight maintenance and to ensure they were functioning properly, and if an issue were discovered during this inspection the scooter would have been removed from the store floor for maintenance. *See id.* at 6.

Specifically, Ms. Pepper testified that she and Rayne Pike, the assistant store manager, would clean and do "sight maintenance" on the handicap scooters every morning, which included ensuring that they were able to go forward, backward, and turn. *See* Dkt. No. 16-7 at 37, 55-56. Additionally, the scooters were charged every night so that they were ready to be used when the store opened the next day. *See id.* at 46. To charge the scooters, an employee would move the scooter to an area next to the "cart corral" where a power cord had been set up. *See id.* at 45. After the accident, Ms. Pepper testified that she reviewed the scooter at issue and found that it was "intact" and that there were no noticeable defects. *See id.* at 55-56.

The Court finds that the daily inspections, cleaning, and moving of the scooters by employees, as described by Defendant, would have exposed a visible and apparent defect in the motorized scooter. Further, Defendant's actions with regards to the scooters would have placed it on notice of any latent defects. Defendant has presented competent evidence, through the testimony of its employees, that it did not have actual or constructive knowledge of any visible or latent defects, such as the alleged defect experienced by Ms. Ferrara. *See, e.g.*, Dkt. No. 16-11 at 6.

In sum, drawing all reasonable inferences in Plaintiffs' favor, the evidence indicates that inspections of the motorized scooters were performed daily, the inspection on the day of the incident did not reveal a defect in the arm of the scooter, and no issues resulting from a defect in the arm of a Sidney Kmart motorized scooter occurred before this incident. Thus, Defendant has met its burden of making a *prima facie* showing that it neither created the dangerous condition nor had actual or constructive notice.

Further, the Court finds that Plaintiffs' evidentiary showing is insufficient to raise a genuine issue of fact because the evidence presented is "based upon surmise, conjecture, speculation [and] assertions ... without probative value." *Maiorano,* 221 A.D.2d at 699 (citation omitted). Plaintiffs assert that Defendant's daily inspections were improper because they only ensured that the scooters could go backward, forward, and turn around, and not whether other components of the scooter were working properly. *See* Dkt. No. 17 at 21, ¶ 8. Plaintiffs claim that the inspections were unreasonable. *See id.* at 13-14. Plaintiffs further argue that Defendant should have been on notice of potential defects because maintenance was previously required on a scooter arm in 2015 and an operating manual stated that scooters should be checked monthly for loose fasteners and bolts and connections for tightness and wear. *See id.* Vague reference to a

previous maintenance order and an operating manual with no further context of their connection to the condition of the scooter at issue is insufficient to raise a triable issue of fact as to whether Defendant had actual or constructive notice in this case. The evidence submitted by Plaintiffs does not dispute that daily inspections and cleaning would have required store employees to interact with the scooter arm which would expose an apparent and visible defect in the arm. Further, Plaintiffs' response offers nothing but conclusory arguments to counter Ms. Peppers and Ms. Pike's deposition testimony that the carts were cleaned and inspected on a daily basis. *See Cheeseman v. Inserra Supermarkets, Inc.*, 174 A.D.2d 956, 958-59 (3d Dep't 1991) (holding that the plaintiff, who was injured when a wheel fell off of the shopping cart she was using, failed to rebut the defendant's evidence that they did not have actual or constructive notice of the alleged defect, where the plaintiff "does no more that a jury could possibly disbelieve defendant's proof and therefore find in her favor"). Although this was a terrible accident with unfortunate consequences, Plaintiffs have not submitted evidence proving that Defendant had actual or constructive notice of the alleged defect or that Defendant's daily inspections of the scooters were improper or unreasonable such that constructive notice should be imputed.

For the foregoing reasons, Defendant's motion for summary judgment is granted. Because Plaintiffs' negligence claim is dismissed, Plaintiffs' loss of consortium claim must be dismissed as well. *See Gerzog v. London Fog Corp.*, 907 F. Supp. 590, 605 (E.D.N.Y. 1995) (holding that "a claim for loss of consortium is a derivative claim which does not exist separate and apart from the injured spouse's claims") (citing cases); *Burns v. City of Utica*, 2 F. Supp. 3d 283, 295 (N.D.N.Y. 2014) ("The court must dismiss a derivative claim for loss of consortium if the underlying cause of action fails") (citation omitted).

**C.     Spoliation**

In light of the Court's decision granting Defendant's motion for summary judgment, Plaintiffs' cross-motion for sanctions is denied as moot.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion for summary judgment (Dkt. No. 16-11) is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' claims are **DISMISSED** with prejudice; and the Court further

**ORDERS** that Plaintiffs' cross-motion for spoliation sanctions (Dkt. No. 17) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 28, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge